UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLENN MILLER,

    Plaintiff,

vs.                                                                      Case No. 12-13351

JP MORGAN CHASE BANK, N.A. and              HON. AVERN COHN
CHASE HOME FINANCE, LLC,

    Defendants.

_____/

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (Doc. 5)**
**AND**
**DISMISSING CASE**

I.

This is another one of many cases pending in this district involving a default on a mortgage and subsequent foreclosure proceedings. The property has been foreclosed upon, a sheriff's sale was held in 2008, the redemption period has long since expired, and eviction proceedings have taken place. Nevertheless, plaintiff believes he has a right to the property. Plaintiff Glenn Miller, through counsel, filed a complaint against JP Morgan Chase Bank and Chase Home Finance (collectively, Chase),[1] asserting several claims relating the his mortgage and the foreclosure proceedings.

Chase filed a motion to dismiss. For the reasons that follow, the motion is GRANTED. This case is DISMISSED.

---

[1] Although plaintiff named JP Morgan Chase Bank, N.A. and Chase Home Finance, LLC as defendants, J.P. Morgan Chase Bank, N.A. is the sole defendant as it is successor by merger to Chase Home Finance, LLC.

II.

As an initial matter, plaintiff has not responded to the motion.[2] The law in this Circuit is not clear on whether a failure to respond to a dispositive motion constitutes a sufficient ground for granting the motion. In Carver v. Bunch, 946 F.2d 451, 453-54 (6th Cir.1991), the court of appeals held that it is an abuse of discretion for a district court to dismiss under Fed. R. Civ. P. 12(b)(6) solely because the plaintiff failed to respond to a motion to dismiss unless the failure rises to the level of a failure to prosecute. The Sixth Circuit has also held that a failure to respond to a motion to dismiss will be grounds for granting the motion. See Scott v. State of Tennessee, 878 F.2d 382, 1989 WL 72470, *2 (6th Cir. 1989) (unpublished table decision) (affirming district court's grant of defendants' unopposed motion to dismiss and noting that "if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion."); Humphrey v. United States Attorney General's Office, 2008 WL 2080512, *3 (6th Cir. 2008). While plaintiff's failure could be considered a failure to prosecute, see n. 2, the Court declines to grant Chase's motion on these grounds.

---

[2]Chase filed its motion on August 28, 2012. Under the local rules, plaintiff's response was due within 21 days after service, on or about September 11, 2012. See E.D. Mich. LR 7.1(e)(1)(B). Plaintiff did not timely respond to the motion. Accordingly, on October 1, 2012, the Court issued a Notice of Hearing on Chase's motion for November 14, 2012, The Notice stated that a response to the motion shall be filed on or before October 15, 2012. (Doc. 8). To date, no response has been filed. In light of plaintiff's failure to respond, the hearing set for November 14, 2012 was cancelled. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

Rather, the Court has reviewed Chase's motion and finds it to be well-taken. As fully explained in the brief and supporting exhibits, plaintiff has no avenue of relief against Chase. Notably, Chase obtained a judgment of possession in eviction proceedings thus any claims here are barred by res judicata. The redemption period has expired which extinguished any rights plaintiff may have had. Plaintiff also cannot show any defects sufficient to set aside the sale. Finally, none of plaintiff's claims plead a plausible claim for relief.

Accordingly, Chase is entitled to a judgment in its favor.

SO ORDERED.

    S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: November 14, 2012

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, November 14, 2012, by electronic and/or ordinary mail.

    S/Julie Owens
Case Manager, (313) 234-5160